W. P. MITCHELL *v.* FOX & DENTON.

MUNICIPAL CORPORATION. *School tax.* The act of 1869–70, ch. 38, T. & S. Statutes, sec. 691*g*, does not authorize the corporate authority of a town to levy a tax for educational purposes without submitting the question to a vote of the people.

FROM SEVIER.

Appeal in error from the Circuit Court of Sevier county.    J. G. ROSE, J.

JEROME TEMPLETON for Mitchell.

G. W. PICKLE for Fox.

McFARLAND, J., delivered the opinion of the court.

The corporate authorities of the town of Sevierville claimed to have levied a special tax for school pur-

poses of $75 on the business of retailing liquors for the year 1879.  Fox & Denton, retailers, paid $37.50 for six months, under protest, and under an agreement that if the tax was not lawful it might be recovered back, and thereupon brought this action to recover the amount.

The town was incorporated under the general provisions of the Code, and among these provisions sec. 1361 provides that "the mayor and aldermen may levy a tax, not to exceed the State tax, upon all the subjects of State taxation in the corporation, for the purpose of education, when a majority of the legal voters so direct."  The act of the extra session of 1872 provides more in detail for submitting the question to the voters of the town, and requires the vote of two-thirds in favor of the proposition to authorize the levy.  The assessment was made in this case by the board of mayor and aldermen without submitting it to the voters as required by the statute.  It is argued, however, that the act of 1869–70, ch. 38 (T. & S. Statutes, sec. 691*g*), authorizes the assessment by the mayor and aldermen alone.  This section authorizes the county court and the authorities of a town or city to impose an additional tax upon the privilege of retailing, not exceeding the State tax, for the use of the county or town.  We are of opinion, however, that this has no reference to the special tax for school purposes provided for by the other sections referred to, but is license tax for general county and corporation purposes.  It is argued that if the support of schools be a corporation purpose in the sense

of the Constitution authorizing the Legislature to delegate to municipal corporations the power to tax for corporation purposes, then, as the above and other provisions of law authorize the corporate authorities to tax for corporation purposes, they may assess this as well as any other corporation tax; but the answer is, that as to this special tax for school purposes, the Legislature has limited the power of taxation and made it dependent upon the assent of the voters. We are of opinion, therefore, that the assessment by the mayor and aldermen, without the assent of the voters, was not authorized.

It is next objected that the warrant, being in "trespass on the case," did not sufficiently notify the defendant of the nature of the action—that the case made in proof is wholly different. We are of opinion that the warrant, if not strictly appropriate, is at least not so objectionable as is argued; in fact, we are not prepared to say that it is not strictly appropriate. It is true, the act authorizing the payment of taxes under protest, and a suit to recover back the money, does not in terms apply to corporation taxes, but the proof shows not only a payment under protest, but also an agreement that the taxes should be repaid if illegal. We do not see that it would be more appropriate to describe this in a warrant as debt than as trespass on the case. Either would suffice in a magistrate's warrant.

It is immaterial under what particular statutes the corporation of the town derived its authority, for, as we have seen by the express provisions of the statute,

the special tax in question cannot be levied otherwise than by the consent of the voters.

It is unnecessary to consider the constitutional question argued, for, conceding the delegation of such power to be constitutional, it has not been exercised in the only mode authorized.

The judgment of the circuit court in favor of the plaintiffs is affirmed.